UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SINKLER C. MARTIN, JR.,

      Plaintiff,

v.

U.S. MILITARY ARMY BRANCH,

      Defendant.
                                       /

No. 06-12910

District Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

On June 30, 2006, Plaintiff filed a *pro se* complaint against the United States Army. Before the Court is the Defendant's Motion to Dismiss [Docket #14], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the Defendant's motion be GRANTED, and the complaint DISMISSED WITH PREJUDICE. I further recommend that Plaintiff be enjoined from filing any further civil actions in this Court without first obtaining leave of court.

**I.   FACTS**

The complaint in this case, presented in narrative form, is somewhat confusing. In general, Plaintiff alleges that the U.S. Army has been waging war on him since 1959. His grievances appear to stem from his military service, and apparent court martial proceedings against him. In terms of more specific claims, he alleges that the "Veteran Center" in Grand Rapids, Michigan wrongfully released his medical records to the Herkimer Hotel, and that

-1-

the Department of Veteran Affairs has wrongfully withheld payment of his pension benefits.

Defendant filed its Motion to Dismiss on June 6, 2007. On September 14, 2007, the Court ordered Plaintiff to file a response by October 5, 2007. To date, Plaintiff has not filed a response.

## II. DISCUSSION

The Defendant asserts numerous grounds for dismissal, including claim preclusion, lack of subject matter jurisdiction, failure to exhaust administrative remedies, and governmental sovereign immunity. Any one of these grounds would be sufficient to justify dismissal. However, it is necessary to discuss only the issue of claim preclusion, which is clearly dispositive of this case.

### A. Claim Preclusion

On June 29, 2005, Plaintiff filed a *pro se* complaint in the United States District Court for the Western District of Michigan, under docket no. 1:05-CV-451. *See Defendant's Motion*, Exhibit A. That complaint contained precisely the same allegations as those set forth in the instant case, specifically, that the United States government (that is, the Army), denied him a promotion and reduced his rank. He claimed, as he does here, that the Veterans Administration improperly released medical information to the Herkimer Hotel, and stopped his V.A. pension.

On July 15, 2005, Judge Miles of the Western District dismissed the action on the merits as frivolous, pursuant to 28 U.S.C. §1915(e)(2)(B). In his opinion, attached to Defendant's motion as Exhibit B, and reported as *Martin v. United States Government*, 2005

WL 1667384 (W.D. Mich. 2005), Judge Miles explained that Plaintiff had filed three earlier complaints in the Western District, on June 7, 2004, August 3, 2004, and March 7, 2005, in which he made the same allegations. The court dismissed all of the earlier cases based on several findings, including sovereign immunity of the United States government. In his July 15, 2005 opinion, Judge Miles relied on the doctrine of claim preclusion:

> "Under the doctrine of claim preclusion, a final judgment on the merits in an action precludes a plaintiff from bringing a later lawsuit on the same claims and against the same defendants. *Stern v. Mascio,* 262 F.3d 600, 608 (6th Cir.2001). Claims are identical where there is an "identity of facts creating the right of action and of the evidence necessary to sustain each action." *Westwood Chem. Co. v. Kulick,* 656 F.2d 1224, 1227 (6th Cir.1981). It is clear that Plaintiff's claims against each of the sixteen defendants are barred by claim preclusion. *See Taylor v. The Goodyear Tire and Rubber Co.,* 142 F.3d 436, 1998 WL 136582 (6th Cir.1998)." 2005 WL 1667384, *2.

Likewise, it is clear that the Plaintiff's present complaint is a rehash of the claims that have been repeatedly rejected in the Western District of Michigan. For the same reasons set forth by Judge Miles, the present complaint is barred under the doctrine of claim preclusion, and the Defendant's motion to dismiss must be granted.

I also note that in the last Western District case, no. 1:05-CV-451, Judge Miles entered an order enjoining the Plaintiff from filing any further civil actions without leave of the court. *See* Exhibit C to Defendant's motion. He stated that each of the complaints, naming the same defendants and alleging the same facts, was dismissed as frivolous and/or failing to state a claim on which relief could be granted.

It appears that Mr. Martin has suffered some misfortune in life, and has numerous, long-standing grievances that continue to plague him. Having been enjoined from filing suit

in Grand Rapids, he now seeks relief in this Court. However, his remedy, if there is one, does not lie in federal court, and there is no good reason for this Court to expend its resources going over the same matters again and again. This is his fifth complaint, and while I have no doubt that Mr. Martin sincerely believes that he has been wronged, enough is enough. I therefore recommend that in addition to dismissing this complaint, the Court enjoin the Plaintiff from filing any further civil actions in this Court without first obtaining leave. Specifically, any future complaints must be accompanied by a "Motion for Leave to File," in which the Plaintiff must certify that the claims he wishes to present are *new* claims never before raised and disposed of by any federal court.

### III.  CONCLUSION

I recommend that Defendant's Motion to Dismiss [Docket #14] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

I further recommend that the Plaintiff be enjoined from filing any further civil actions in this Court without first obtaining leave of the court.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and

Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: February 28, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 28, 2008.

S/G. Wilson<br>
Judicial Assistant